UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIAM CHARLES CLEMONS,

    Defendant.
_____/

Case No. 12-20634

HON. MARK A. GOLDSMITH

**<u>OPINION & ORDER</u>**
**<u>DENYING DEFENDANT WILLIAM CHARLES CLEMONS'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 45)</u>**

On August 7, 2013, Defendant William Charles Clemons was sentenced to 101 months' imprisonment for being a felon in possession of a firearm as well as carrying and using a firearm in relation to a drug trafficking offense. 8/7/13 Judgment (Dkt. 28). After Clemons was released from imprisonment for this offense, his period of supervised release began. On October 6, 2021, Clemons was sentenced to 27 months' imprisonment for violating conditions of his supervised release. 10/6/21 Judgment (Dkt. 44). Specifically, he violated the conditions that he (i) notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; (ii) not associate with anyone convicted of a felony; (iii) participate in a program for substance abuse; and (iv) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substances or paraphernalia. <u>Id.</u>

Just a few months after being sentenced for his supervised release violations, Clemons filed the instant motion for compassionate release (Dkt. 45). Having considered all briefing and record materials submitted by the parties, the Court denies Clemons's motion.[1]

## I. ANALYSIS

The First Step Act (FSA) modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582(c), such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003–1004 (6th Cir. 2020). Before granting a compassionate release motion, a district court must engage in a three-step inquiry: (i) the court must find that "extraordinary and compelling reasons warrant [a sentence] reduction"; (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If all of those requirements are met, the district court "may reduce the term of imprisonment," but it need not do so. 18 U.S.C. § 3582(c)(1)(A).

Regarding the first step of the inquiry, the United States Court of Appeals for the Sixth Circuit has held that, with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13. Jones, 980 F.3d at 1109. It has further held that, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the [FSA], district courts have full discretion in the interim to determine

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to Clemons's motion, the briefing includes the Government's response (Dkt. 47). Clemons did not file a reply, and the deadline to do so has now passed.

2

whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.

The Court considers whether (i) Clemons has satisfied the mandatory exhaustion requirement of § 3582(c)(1)(A), (ii) extraordinary and compelling circumstances warrant reducing Clemons's sentence, and (iii) the § 3553(a) factors support a sentence reduction.

### A. Exhaustion

Before an inmate moves for compassionate release under § 3582(c)(1), the inmate must either exhaust his or her administrative remedies with the Bureau of Prisons (BOP) or wait 30 days from when the inmate filed a request with his or her warden. 18 U.S.C. § 3582(c)(1)(A); United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020). Here, Clemons has not alleged that he has requested a reduction in his sentence from the warden at FCI Milan. Further, the Government represents that "the BOP has informed the Government that according to the Reduction in Sentence Coordinator at FCI Milan, Clemons has not filed a request for a reduction." Resp. at 4–5.

Because Clemons has not established that he has satisfied the mandatory exhaustion requirement, his motion can be denied on that basis alone. Even if Clemons had satisfied this requirement, his motion would fail on the merits, as the analysis below demonstrates.

### B. Extraordinary and Compelling Circumstances

Clemons seeks compassionate release based on his fears of a COVID-19 reinfection. With respect to motions for compassionate release premised on a defendant's fear of contracting and suffering severe illness from COVID-19, the Sixth Circuit has held that "generalized fears of contracting COVID-19, without more, do not constitute a compelling reason" to grant compassionate release. United States v. Ramadan, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020). Prior to the development of COVID-19 vaccines, courts would generally

3

consult the guidance on high-risk factors published by the Centers for Disease Control and Prevention (CDC) to determine whether a defendant's specific conditions placed the defendant at a higher risk of suffering severe illness from COVID-19. See United States v. Elias, 984 F.3d 516, 521 (6th Cir. 2021). However, even if a condition were recognized as a high-risk condition by the CDC, courts generally declined to grant compassionate release where a condition was capable of being managed in the prison setting. See, e.g., United States v. Slone, No. 7:12-05-KKC-4, 2021 WL 164553, at *1 (E.D. Ky. Jan. 19, 2021) (holding that inmate who suffered from various medical conditions did not establish extraordinary and compelling reasons for compassionate release because his conditions did not diminish his ability to provide self-care within the prison environment). Further, following the development of the vaccines, courts now examine whether a defendant has been offered a COVID-19 vaccine, because "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021).

Clemons has not alleged that he has any condition identified by the CDC as a condition that increases an individual's risk of severe illness or death from COVID-19. Nor has he argued that he has a condition that is incapable of being managed in the prison setting. Moreover, Clemons was offered the Pfizer-BioNTech vaccine in October 2021, but he declined to accept it. See Immunizations at PageID.185 (Dkt. 48-3). Clemons's access to the vaccine precludes granting him compassionate release based on COVID-19 concerns.

In his motion, Clemons mentions that, if released, he would "help [his] brother with his company." Mot. at PageID.123. It is unclear whether Clemons is contending that his desire to help his brother with his company is an extraordinary and compelling reason to release him. To

4

the extent that he is, this argument fails. Typically, family circumstances justify releasing a prisoner only where the prisoner has a seriously ill family member who is completely unable to care for him or herself, and the prisoner is the only available caretaker. See, e.g., United States v. Corley, No. 3:13-CR-00097-9, 2021 WL 119640, at *1 (M.D. Tenn. Jan. 13, 2021). Clemons does not allege that his brother is seriously ill or that Clemons is the only available caretaker. The fact that Clemons's brother may suffer from Clemons's inability to help him with his company is "the inevitable consequence of [Clemons's] serious criminal conduct that landed him in incarceration," United States v. Daniels, No. 19-cr-00204, 2022 WL 164543, at *5 (M.D. Tenn. Jan. 18, 2022); it is not an extraordinary and compelling reason to release Clemons.

Even if Clemons had shown an extraordinary and compelling reason to reduce his sentence, a sentence reduction would still be unwarranted based on the § 3553(a) factors, as explained below.

**C. Section 3553(a) Factors**

Before granting a sentence reduction under the FSA, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant.

Clemons has a lengthy criminal history that showcases his disrespect for the law as well as the difficulty in deterring him from committing further crimes. Just a few months ago, the Court sentenced Clemons for violating the conditions of his supervised release. Clemons violated these conditions, in part, by committing yet another crime: using marijuana, a controlled substance. See Am. Violation Report at 2 (Dkt. 41). Clemons's probation officer reports that while on supervised release, Clemons "failed to demonstrate any pro social progress in the community;" "maintain[ed] a transient lifestyle," "show[ed] no interest in educational/vocational training," "remained

unemployed," "remain[ed] adverse toward participation in therapeutic services," and "[wa]s completely defiant toward any requirement to abstain from illicit drug use." Resp. at 10–11. "Where a defendant (like Defendant) has not been compliant in the past with applicable societal standards and conditions of release, the Court cannot have confidence that such defendant will 'play by the rules'" if released. United States v. Merriweather, No. 3:15-cr-00184-2, 2021 WL 195371, at *8 (M.D. Tenn. Jan. 20, 2021).

The Court's lack of confidence in Clemons's likelihood of abiding by the law and the conditions of supervised release is furthered by the fact that while incarcerated, Clemons has continued to refuse to participate in therapeutic services. According to BOP records, Clemons has not taken advantage of several highly pertinent BOP programs such as "anger/hostility" and "antisocial peers." Inmate History (Dkt. 48-5). Releasing Clemons at this time would not promote respect for the law or protect the public from further crimes by Clemons.

Additionally, Clemons has served only approximately five months of his 27-month sentence. Clemon's long-remaining sentence weighs heavily against granting him release. See, e.g., Ruffin, 978 F.3d at 1008 (affirming district court decision that § 3553(a) factors did not support a sentence reduction in part because the defendant had served less than half of his sentence); United States v. Richards, No. 12-20372, 2021 WL 912389, at *3 (E.D. Mich. Mar. 10, 2021) ("[A]llowing Defendant to be released after serving less than half of his sentence would not promote respect for the law or proper deterrence, [or] provide just punishment . . . .").

The § 3553(a) factors, therefore, weigh heavily against granting Clemons's motion.

## II. CONCLUSION

For the reasons stated above, Clemons's motion for compassionate release (Dkt. 45) is denied.

6

SO ORDERED.

Dated: April 14, 2022                       s/Mark A. Goldsmith
    Detroit, Michigan                     MARK A. GOLDSMITH
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2022.

                                                          s/Karri Sandusky
                                                          KARRI SANDUSKY
                                                          Case Manager